UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORDAN ZACHARY B.,[1]<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br>        Defendant. | Case No. 1:22-cv-00304-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of his application for supplemental social security income. (Dkt. 1.) The matter is fully briefed and at issue. (Dkt. 13, 14, 17.) Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

## BACKGROUND

On July 17, 2018, Plaintiff protectively filed a Title XVI application for supplemental security income. (AR 247, 250.) The application alleged a disability onset date of July 1, 2018. (AR 13.) Plaintiff's application was denied upon initial review and on reconsideration. (AR 13.) A hearing was conducted on July 22, 2021, before Administrative Law Judge (ALJ) Michele M. Kelley. (AR 13.)[3]

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on August 4, 2021, finding Plaintiff has not been under a disability since July 17, 2018. (AR 13-23.) The Appeals Council denied Plaintiff's request for review on May 25, 2022, making the ALJ's decision final. (AR 1-6.) Plaintiff timely filed this action seeking judicial review of the ALJ's final decision on July 21, 2022. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the alleged onset date, Plaintiff was nineteen years of age. (AR 22, 250.) Plaintiff is a high school graduate and has no relevant past work experience, but has previously worked at fast food restaurants, a retail store, a thrift shop, and an Amazon warehouse. (AR 22, 39, 42, 51.) Plaintiff claims disability due to Asperger's syndrome/autism, attention deficit hyperactivity disorder (ADHD), sleeping disorder, depression, and a knee injury. (AR 62-63, 285.)

---

[3] The hearing was conducted by video due to the Coronavirus Pandemic of 2019 (COVID-19).

**MEMORANDUM DECISION AND ORDER - 2**

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged the application date. (AR 15.) At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: autism spectrum disorder, ADHD, and major depressive disorder. (AR 15.) The ALJ concluded Plaintiff's obesity and status-post bilateral knee arthroscopic surgery do not significantly limit his ability to perform basic work activities and, therefore, were not severe. (AR 16.)[4]

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 16-18.) The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) to perform medium work with the following limitations:

---

[4] Plaintiff does not contest the ALJ's findings concerning his physical limitations. The Court therefore will address only the contentions made relevant to Plaintiff's mental impairments.

**MEMORANDUM DECISION AND ORDER - 3**

> He can lift/carry/push/pull 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk about 6 hours per 8-hour workday (with normal breaks). He can sit about 6 hours per 8-hour workday (with normal breaks). Normal breaks are defined as occurring every two hours, with two breaks lasting at least 10 minutes and one lasting at least 30 minutes. He can occasionally climb ladders/ropes/scaffolds. He can frequently balance, stoop, kneel, crouch, crawl, and climb ramps/stairs. He must avoid concentrated exposure to extreme heat and hazards such as unprotected heights, dangerous machinery. He can understand, remember, and carry out simple tasks. He can maintain attention, concentration, persistence, and pace for such tasks for 8-hour workdays and 40-hour workweeks. He can tolerate occasional interaction with supervisors, coworkers, and the public. He cannot work in tandem with supervisors and coworkers, and he cannot work directly with the public as part of work duties. He can tolerate usual work situations and changes in routine work settings.

(AR 18-19.)

At step four, the ALJ found Plaintiff had no past relevant work. (AR 22.) Relying upon testimony from the vocational expert, the ALJ concluded at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience, and RFC, such as: janitor, kitchen helper, mail clerk/sorter, and marker. (AR 22.) The ALJ therefore determined Plaintiff was not disabled. (AR 23.)

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence.

2. Whether the ALJ properly considered Plaintiff's subjective symptom statements.

3. Whether the ALJ properly addressed the lay witness statements.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874

**MEMORANDUM DECISION AND ORDER - 4**

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*. The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id*. at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*,

**MEMORANDUM DECISION AND ORDER - 5**

806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

1.   **Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's evaluation of the three psychological opinions authored by Richard Sonnenberg, Ph.D., Mack Stephenson, Ph.D., and Dave Sanford, Ph.D., (Dkt. 13, 17.) Respondent maintains the ALJ properly considered the medical opinion evidence under the appliable regulations. (Dkt. 14.)

A.   **Legal Standard**

The Commissioner revised the regulations applicable to the evaluation of medical evidence for disability applications filed on or after March 27, 2017, such as Plaintiff's application here. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Under the revised regulations, the ALJ is no longer required to give deference to any medical opinion, including treating source opinions. *See* 20 C.F.R. § 416.920c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs no longer need to "provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion."). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical

opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. § 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. § 416.920c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

With the above considerations in mind, the Court now turns to the ALJ's evaluation of the medical opinions.

### B.     Richard Sonnenberg, Ph.D

Sonnenberg performed an in-person consultative mental status evaluation and authored a report dated September 20, 2018. (AR 565-570.) Sonnenberg found Plaintiff

**MEMORANDUM DECISION AND ORDER - 7**

manifests persistent deficits in social communication and social interaction across multiple contexts, without accompanying intellectual impairment. (AR 565.) Notably, Sonnenberg described Plaintiff's work history to include a couple of jobs, but that he had been fired from both of them relative to difficulties with social interactions. (AR 566.) Plaintiff's daily functioning and mental status were described as: withdrawn, poor eye contact, high average intelligence, no difficulty with attention or concentration, intact memory, no insight into his mental health functioning, and poor judgment. (AR 567-568.) Sonnenberg's prognosis states:

> This is a young man who has had social difficulties for all of his short life. He seems to be able to work through mediums such as the internet, but not to nurture those relationships in real life. He has a good deal of difficulty, interpersonally, going on now. He has not been able to succeed at the last couple of jobs he has had. He needs a lot more therapy and social intervention strategies applied if he expects to make any good difference in his competencies in this regard.

(AR 568.) The ALJ summarized Sonnenberg's report and concluded as follows:

> Dr. Sonnenberg diagnosed autism spectrum disorder and noted the claimant had difficulties with interpersonal relationships. He recommended the claimant continue with therapy and social intervention strategies. Importantly, Dr. Sonnenberg never opined the claimant was precluded from all work activity, particularly within the confines of the established residual functional capacity, which accommodates the claimant's social interaction difficulties. It is also noted that Dr. Sonnenberg's assessment of the claimant's social interaction difficulties is not wholly persuasive because the claimant graduated high school, interacts with some friends, and currently works at an Amazon warehouse with some management oversight of his job duties.

(AR 20.)

Having carefully reviewed the record and the parties' briefing, the Court finds the ALJ erred in evaluating Sonnenberg's opinion by failing to explain how she considered

**MEMORANDUM DECISION AND ORDER - 8**

the supportability and consistency factors. *See* 20 C.F.R. § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). Indeed, the ALJ does not use the terms supportability or consistency at all in her discussion of Sonnenberg's report. (AR 20.) Instead, the ALJ notes the absence of any finding that Plaintiff was preclude from all work activity, particularly with the RFC limitations assigned, and found Sonnenberg's assessment of Plaintiff's social interaction difficulties not wholly persuasive in light of the fact that Plaintiff graduated high school, interacts with some friends, and currently works at Amazon. (AR 20.) However, there is no explanation of the ALJ's rational for so concluding, let alone any discussion of how the supportability and consistency factors were considered.

Without that explanation, the Court can only speculate as to why the ALJ concluded that Sonnenberg's assessment of Plaintiff's social interaction difficulties was not wholly persuasive. For instance, similar to the ALJ, Sonnenberg noted in his report that Plaintiff had graduated from high school, resides in an apartment with three other roommates, and has worked a couple of jobs. (AR 20, 566.) Thus, the ALJ may have concluded Sonnenberg's social interaction difficulty findings were internally unsupported by Plaintiff's abilities to graduate, live with others, and work. It is equally possible that the ALJ concluded the opinion was inconsistent with other evidence in the record demonstrating Plaintiff had greater social interaction abilities than opined. The Court simply cannot determine from the written decision how the ALJ evaluated the

**MEMORANDUM DECISION AND ORDER - 9**

supportability and consistency factors.[5]

The reasons proffered by Defendant to support the ALJ's decision are impermissible post hoc arguments. (Dkt. 14 at 11-12.) "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d at 1225. The Court must review the ALJ's decision based on the reasoning and findings offered by the ALJ in the written decision. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). While the Defendant's reasoning may be a rational interpretation of the decision and record, the decision itself does not articulate the bases argued in Defendant's briefing.

Absent some explanation by the ALJ, it is impossible for the Court to meaningfully review whether the ALJ's reasoning was a correct application of the regulations and was supported by substantial evidence. *Brown-Hunter*, 806 F.3d at 492 (holding the agency must "set forth the reasoning behind its decisions in a way that allows for meaningful review," and courts are "constrained to review the reasons the ALJ asserts."). Nor is the Court able to readily discern the bases for the ALJ's decision. *Molina*, 674 F.3d at 1121 (An ALJ's reasoning may be upheld where it can "reasonably

---

[5] Discerning the ALJ's reasoning is made more difficult by an apparent inconsistency in the decision concerning whether Plaintiff required management oversight or intervention while working at the Amazon warehouse. (AR 20) (Plaintiff "currently works at an Amazon warehouse with some management oversight of his job duties."); (AR 21) ("The claimant currently works at an Amazon warehouse, with no evidence he requires more management intervention than any other employees."). This discrepancy was not raised as a basis for finding error, and is noted here only to further demonstrate why the Court is unable to ascertain the ALJ's reasoning from the written decision.

**MEMORANDUM DECISION AND ORDER - 10**

be discerned."). Consequently, the Court cannot uphold the ALJ's decision. *Brown-Hunter*, 806 F.3d at 492 ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015) ("This Court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."). For these reasons, the Court finds the ALJ erred in evaluating Sonnenberg's opinion.

This error, the Court finds, was harmful. Harmless error exists "when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ((citation and internal quotation marks omitted)); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015). Had the ALJ found Sonnenberg's opinion persuasive, the ALJ's ultimate nondisability determination may have been different – particularly given Sonnenberg's findings that Plaintiff's deficits and difficulties in social communication and interpersonal interaction resulted in his being fired from jobs in the past. (AR 565-568.) The ALJ's error was therefore not inconsequential to the determination.

### C. Mack Stephenson, Ph.D and Dave Sanford, Ph.D

Stephenson and Sanford, the state agency mental consultants, completed disability determinations dated September 24, 2018, and November 14, 2018. (AR 67-73, 84-90.) Both consultants opined that Plaintiff could perform simple routine entry level work with less social interaction. (AR 73, 89.) They noted Plaintiff was currently working part-time at Amazon, and had no significant limitations with memory, attention, or thought process.

**MEMORANDUM DECISION AND ORDER - 11**

The ALJ found the opinions "generally persuasive and consistent with the established [RFC]," but included additional restrictions to preclude public contact or tandem work with coworkers. (AR 21.) The ALJ observed that Plaintiff was working at Amazon with no evidence that he required more management intervention than other employees or job coaching/accommodation to perform work activity consistent with the RFC; and that plaintiff enjoyed reading books, graduated from high school, and had a high average intellect. (AR 21.)

Having carefully reviewed the ALJ's decision and the record, the Court finds the ALJ erred in evaluating the state agency mental consultants' opinions by failing to discuss the persuasiveness factors as required by the regulations. While the ALJ used the word "consistent," the ALJ did not apply that term as it is defined in the regulations. "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 791-792; *see also* 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").

Here, the ALJ found the opinions were generally persuasive and consistent <u>with the RFC</u>. (AR 21.) However, the RFC is not <u>evidence</u> from other sources applicable to evaluating the consistency of opinion evidence as contemplated by the regulations. 20 C.F.R. § 416.920c(c)(2). Consistency between the opinions and the RFC assessment may be relevant to whether the RFC is supported by substantial evidence, but it does not

**MEMORANDUM DECISION AND ORDER - 12**

satisfy the regulatory requirements for evaluating medical opinions. The ALJ cannot rely on the RFC assessment to conclude the opinions are persuasive and then also rely on the opinions to support the RFC without ever explaining the bases and reasons for either finding. The ALJ therefore erred here by failing to evaluate the consistency between the opinions and the evidence in the record.[6]

Further, the ALJ's inclusion of additional social interaction limitations in the RFC and discussion of certain evidence, or lack of evidence, does not explain how the ALJ evaluated the persuasiveness and consistency of the state agency mental consultants' opinions. (AR 21.) Rather, the ALJ recites the RFC limitations and provides conclusory statements of the evidence without articulating any rational link to the opinions. Absent that explanation, the Court is simply unable to meaningfully review the decision and determine whether the ALJ's decision evaluated the opinions in accordance with the regulations, and is supported by substantial evidence. *Brown-Hunter*, 806 F.3d at 492 (holding the agency must "set forth the reasoning behind its decisions in a way that allows for meaningful review," and courts are "constrained to review the reasons the ALJ asserts."); *Treichler*, 775 F.3d at 1103 ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

---

[6] The Court considered whether the ALJ simply misspoke in pointing to the consistency with the RFC rather than to evidence in the record. (AR 21.) However, after a lengthy review of the written decision and record, the ALJ clearly relied on consistency with the RFC to find the opinions generally persuasive given the plain language of the decision and the references to the RFC.

**MEMORANDUM DECISION AND ORDER - 13**

Further, the Court cannot discern the ALJ's reasoning and determine whether substantial evidence supports the decision. *Molina*, 674 F.3d at 1121 (An ALJ's reasoning may be upheld where it can "reasonably be discerned."). The ALJ's conclusory discussion of the RFC and evidence, without any explanation of how the evidence discussed is consistent with the opinions, simply does not reveal the ALJ's reasoning. Notably, there are no citations to the evidence relied on in this section of the ALJ's discussion, which may have aided the Court in this regard. Defendant's arguments in support of the ALJ's decision are post hoc rationalizations not expressed by the ALJ, which the Court may not consider. *Bray*, 554 F.3d at 1225; *Pinto*, 249 F.3d at 847-48. While Defendant's interpretation of the ALJ's rationale may be reasonable, the written decision itself does not articulate the reasons argued for in Defendant's briefing. (Dkt. 14 at 10-11.)

Based on the foregoing, the Court finds the ALJ erred in evaluating the opinions of Stephenson and Sanford by failing to discuss the consistency factor as required by the regulations and failing to explain her rationale for finding the opinions generally persuasive. This error was not inconsequential to the nondisability determination and, therefore, not harmless because the ALJ relied on the consultants' opinions to fashion the RFC and to conclude Plaintiff was able to engage in substantial gainful activity. *Tommasetti*, 533 F.3d at 1038; *Marsh*, 792 F.3d at 1172–73.

2.      **Remand For Additional Proceedings is Appropriate**[7]

Plaintiff requests remand for an immediate award of benefits. (Dkt. 13.) The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). In general, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Harman*, 211 F.3d at 1179.

In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Treichler*, 775 F.3d at 1100-01; *Garrison*, 759 F.3d at 1020. Under this analysis, the Court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all three requirements are met, the decision whether to remand a case for

---

[7] Because the harmful legal error in the evaluation of the medical opinion evidence requires remand for further proceedings, the Court will not address the Plaintiff's remaining assignments of error. The ALJ should reassess the entire record in making the disability determination on remand.

additional evidence or to award benefits is left to the court's discretion. *Treichler*, 775 F.3d at 1101–02. Where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81.

Here, the Court considered whether to remand for an award of benefits. The first requisite is met based on the ALJ's harmful legal error in evaluating the medical opinion evidence. However, upon a careful review, the Court finds the evidence in this case does not conclusively establish Plaintiff is disabled under the Social Security disability regulations. Rather, the record is sufficiently ambiguous such that the evidence must still be weighed and evaluated properly by the ALJ in the first instance, making remand for an immediate award of benefits inappropriate. *Treichler.*, 775 F.3d at 1101 (remand for proceedings rather than for an immediate award of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities."). For instance, it is not certain whether the findings in Sonnenberg's opinion, even if credited as true, are sufficient evidence to direct a finding that Plaintiff is disabled and entitled to an award of benefits. Further, there is evidence in the record that may support a finding that Plaintiff's mental impairments impose moderate functional limitations which could be accounted for in the RFC assessment and would not prevent Plaintiff from engaging in substantial gainful activity. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is appropriate "when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

**MEMORANDUM DECISION AND ORDER - 16**

For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings.

## **ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1. The decision of the Commissioner of Social Security is **REVERSED**.

2. This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: August 2, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 17